## WILLIAM TALBOT *vs.* HENRY A. ELLIS.

The statute (Revision of 1866, p. 24, sec. 111,) provides that debts may be set off against judgments in all actions of trespass other than such as are brought for damages for the taking of property exempt from execution, &c. Held that it did not avail a party seeking such a set-off that the property taken was in part exempt and in part not; nor that the property was taken without legal process.

BILL in chancery for a set-off of a judgment held by the petitioner, against a judgment in trespass which the respondent had recovered against the petitioner.

The statute (Revision of 1866, page 24, sec. 111,) provides that such a set-off may be made " in all actions of trespass other than actions of assault and battery, and other than such as are brought for damages for the taking of property which is by law exempt from being taken on execution." The judgment in trespass was recovered for the taking of personal property by the petitioner without legal process, a part of which was exempt from execution and a part not.

The case was reserved by the superior court for the advice of this court.

*W. Cothren,* for the petitioner, contended that the exception of the statute was intended to apply only to the case of exempt property taken by attachment, there being in the present case no abuse of legal process, and the trespass being the same as and no more than in taking any other property ; and that the exception did not apply because

the action was not brought to recover for the taking of exempt property as such, but for property that was not exempt as well, thus making the action an ordinary one for trespass to personal property ; and that so far. as the recovery was for the taking of property not exempt, the exception clearly had no application, while the respondent, in whose favor the exception was made, had not shown what part of the property was exempt, and how far the exception could apply, and that therefore the court would hold. it not to be applicable at all.

*H. B. Munson,* for the respondent.

McCURDY, J. For the purpose of insuring justice without circuity of action the right of set-off is very largely extended by the act of 1852. This right as modified by the statute of the next year is very properly denied in such actions " as are brought for damages for the taking of property which is by law exempt from being taken on execution." The present action is brought for taking articles of this description. It comes then exactly within the terms of the law.

The petitioner alleges that the restriction applies only to cases where the taking has been by virtue of a process, and that in this instance he seized the goods without even the forms of law. No such distinction was made by the legislature, and it can hardly be expected that a court of equity will extend the statute by construction for the sake of sustaining so unjustifiable a transaction.

The petitioner further insists that the restriction is meant to embrace only those cases where all the property for which the suit is brought is of the kind exempted ; and that in this case a part only is of this description. The act of the wrong doer in seizing the goods, taking indiscriminately those which were exempted and those which were not, was an entire trespass, and he has no right to require the injured party to divide it into parts and bring separate suits to enable the trespasser to make an off-set against one.

It follows that unless a sheer evasion is to be allowed of a

provision for the indigent and unfortunate which the law has carefully made and the courts have willingly favored, the set-off in this case must be refused.

We advise that the petition be dismissed.

In this opinion the other judges concurred.